The opinion of the Court was delivered by
Pocini:, J.
This is a petitory action involving the title to a large tract of land in the Parish of St. Tainmauy, and forming part of . “ Honey Island,” and for $7,500 damages claimed by plaintiff against (J. B. Fish and P. F. Herwig, for their wrongful possession by trespass on said tract of land.
For answer, C. B.-Fish urged the general issue and called his vendor and co-defondant, P. F. Her wig,., in warranty.
The latter joined issue with plaintiff by setting up title under a tax sale made by the tax collector of said parish in January, 1874, and through his vendors-aud their vendors.
*1244 Plaintiff filed a supplemental petition in which he urged that the tax sale invoked by Herwig was fraudulent, unreal, simulated, null and void, which plea was sustained by the District Judge, who recognized plaintiff’s title to the property and rendered judgment in favor of Fish, against his vendor, Herwig, for $2,000. Herwig alone lias appealed. Both parties claim from E. B. Benton, plaintiff, by purchase, and defendants through the tax sale of 1874.
Defendants and warrantor moved to strike out plaintiff’s supplemental petition, and during the progress of the trial objected to the introduction of any evidence under the allegations of said petition on the ground that it was in fact an answer or rejoinder to their answer, which is not allowed under our laws, and objected to all evidence in support of the alleged simulation and fraudulent character of the tax sale, on the ground that a tax sale could not be attacked collaterally, and for the additional reason that the tax collector, the State, the auditor and the purchaser at the tax sale, had not been made parties.
Construing the allegations in the supplemental petition touching the nullity of the tax sale, as mere means of defense urged by plaintiff, and as of no greater importance than objections advanced orally, we find no error in the ruling of the Judge in refusing to strike out the supplemental petition. I-Iis ruling on that point and on all the other objections of defendants and warrantor, hereinabove enumerated, is fully sustained by the decisions in the cases of Hickman vs. Dawson, 33 An. 438; McMaster vs. Seward, 11 An. 546, and Maillot vs. Wesley, 11 An. 467, in which the right of plaintiff, in a petitory action, to meet the title opposed to him, even a tax sale, by all means of attack as though specially pleaded, has been recognized as a correct rule of practice.
The objection urged by defendants to the introduction of parol testimony in support of the simulation and fraud charged against the tax collector’s sale, on the ground that it was an attempt to prove title to an immovable by parol evidence, is equally untenable. The rule admitting parol testimony to show fraud and simulation is too well established in jurisprudence to require any support by reference to authorities.
An examination of the evidence introduced by both parties on the validity of the tax sale of 1874, leaves no doubt in our minds of the correctness of the District Judge’s conclusions, which we reproduce in his own language:
“ There is no evidence that the property was seized or advertised according to law. The sale was never recorded and until it was recorded .under the law, the auditor could not affirm title. It is too clear to be disputed that all the statutory requirements in ta.x deed or sheriff’s deed must be complied with. I do not regard it as necessary *1245 ■ to enter into a review of the testimony affecting- the validity of the tax collector’s sale, as shown by the testimony of Mr. Baker, Staples •and Badon. I cannot find language sufficiently strong to demonstrate the enormity of the tax collector’s acts, proved and to be unmistakably inferred from all the facts of this controversy. They form but an additional circumstance in the past and unfortunate history of this commonwealth.”
The judgment appealed from is, therefore, affirmed at appellants’ costs.
Rehearing refused.